UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                         :

RICHARD BELLIS,                          :

                                :

               Plaintiff,     :                    21-CV-3282 (JMF)

                                :

          -v-                     :            MEMORANDUM OPINION

                                :              AND ORDER

NEW YORK CITY DEPARTMENT OF EDUCATION,  :

                                :

               Defendant.    :

                                :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Richard Bellis brings this case against the New York City Department of

Education ("DOE"), his former employer, pursuant to 42 U.S.C. § 1983, alleging Equal

Protection race discrimination and retaliation claims.[1]  The DOE moves, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, arguing that Bellis fails to plausibly

allege race discrimination or retaliation and fails to plausibly municipal liability.  *See* ECF No.

27.  Upon review of the Amended Complaint and the parties' memoranda of law, the Court

disagrees.  Put simply, although the question of whether Bellis states a claim of retaliation is a

close one, accepting the facts set forth in the Amended Complaint as true and drawing all

reasonable inferences in Bellis's favor, *see, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551

F.3d 122, 124 (2d Cir. 2008) (per curiam), the Court concludes that Bellis shows "more than a

sheer possibility that a defendant has acted unlawfully" and that he pleads sufficient "factual

content" for the Court "to draw the reasonable inference that the defendant is liable for the

---

[1]     Bellis's Amended Complaint refers three times to 42 U.S.C. § 1981, *see* ECF No. 21,
¶¶ 1, 90, 95, but he clarifies in his memorandum of law that he is not asserting any claim under
that statute, *see* ECF No. 30, at 7.

misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

556).  Accordingly, the DOE's motion must be and is DENIED in its entirety.

The DOE shall answer Bellis's claims within **fourteen days of the date of this**

**Memorandum Opinion and Order**.  *See* Fed. R. Civ. P. 12(a)(4)(A).  Additionally, unless and

until the Court orders otherwise, all parties shall appear by telephone for an initial pretrial

conference with the Court on **August 30, 2022**, at **4:00 p.m.**  To join the conference, counsel

should call the Court's dedicated conference line at (888) 363-4749 and use access code 542-

1540, followed by the pound (#) key.

Counsel are reminded that, per the Court's Notice of Initial Pretrial Conference, *see* ECF

No. 6, they must submit a joint letter and proposed case management plan by the **Thursday**

**prior to the initial pretrial conference**.  In addition to addressing the topics set forth in the

Notice of Initial Pretrial Conference, the parties should indicate in their joint letter whether they

can do without a conference altogether.  If so, the Court may enter a case management plan and

scheduling order and the parties need not appear.  If not, the Court will hold the initial

conference, albeit perhaps at a different time.  To that end, counsel should indicate in their joint

letter dates and times during the week of the conference that they would be available for a

telephone conference.  In either case, counsel should review and comply with the procedures for

telephone conferences set forth in the Court's Individual Rules and Practices for Civil Cases,

available at https://nysd.uscourts.gov/hon-jesse-m-furman, including Rule 2(B)(i), which

requires the parties, **no later than 24 hours before the conference**, to send a joint email to the

Court with a list of counsel who may speak during the teleconference and the telephone numbers

from which counsel expect to join the call.

The Clerk of Court is directed to terminate ECF No. 26.


SO ORDERED.

Dated: July 29, 2022
       New York, New York                          JESSE M. FURMAN
                                              United States District Judge

3